UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ebony Griffin,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>Navient Solutions, Inc. aka Sallie Mae,<br><br>　　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Ebony Griffin, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  Plaintiff, Ebony Griffin ("Plaintiff"), is an adult individual residing in Rochester, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

4.  Defendant, Navient Solutions, Inc. aka Sallie Mae ("Navient"), is a business entity located in Newark, Delaware, and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5.  Within the last year, Navient began calling Plaintiff's cellular telephone, number 585-XXX-7755, using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

6.  When Plaintiff answered calls from Navient, she heard a prerecorded message

before she was connected to a representative.

7. On or about April 12, 2016, Plaintiff spoke with a representative and requested that Navient cease calling her and only contact her in writing.

8. Nevertheless, Navient continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA –
## 47 U.S.C. § 227, *et seq*.

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS and using a prerecorded or artificial voice.

11. Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

12. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

13. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

14. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

15. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

16. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00

for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 5, 2016

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, LLC
43 Danbury Road, 3d Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff